### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL CLUNIE-HASKINS and | : | |
| TIVARA GRANT, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM FIRE & | : | |
| CASUALTY COMPANY, | : | No. 11-6283 |
| Defendant. | : | |

### MEMORANDUM

**Schiller, J.**                                                                 **March 2, 2012**

In 2000, John Scaruzzi and Joseph Fabrizzio, Jr. sexually assaulted Tivara Grant. At that time, Scaruzzi and Fabrizzio lived with their parents, who had homeowners insurance policies with State Farm. Grant's mother Carol Clunie-Haskins sued Scaruzzi and Fabrizzio for assault and battery, and State Farm initially defended Scaruzzi and Fabrizzio subject to a reservation of rights. Scaruzzi and Fabrizzio subsequently assigned their rights against State Farm to Clunie-Haskins and Grant. Clunie-Haskins and Grant sued State Farm in the Philadelphia Court of Common Pleas on September 2, 2011 alleging breach of contract, breach of the duty of good faith and fair dealing, and fraud. State Farm removed the case to this Court and moved to dismiss. On November 8, 2011, the Court converted State Farm's motion to dismiss to a motion for summary judgment and ordered supplemental briefing. Presently before the Court is Defendant's motion for summary judgment. For the reasons that follow, the Court will grant State Farm's motion.

I.      BACKGROUND

    A.      The Underlying Action and State Farm's Initial Reservation of Rights

On August 9, 2000, Scaruzzi and Fabrizzio sexually assaulted eleven-year-old Grant at a Philadelphia Phillies baseball game. At the time of the incident, Fabrizzio and Scaruzzi were minors who lived with their parents who were insured under homeowners insurance policies issued by State Farm. On August 8, 2002, Clunie-Haskins, as parent and natural guardian of Grant, sued Scaruzzi and Fabrizzio and their parents, among others, in the Philadelphia Court of Common Pleas, alleging assault and battery ("the underlying action").

On August 22, 2002, State Farm sent Scaruzzi a Reservation of Rights ("ROR") letter advising him that an attorney, Pamela Carlos, had been retained to defend him and that State Farm

> reserved [its] right to deny a defense and indemnity to [him] . . . for the following reasons: It is questionable whether this claim involves bodily injury or property damage which is either expected or intended by the insured or whether there was bodily injury or property damage to any person or property which is the result of willful and malicious acts of the insured.

(Def.'s Mot. for Summ. J. Ex. 7 [Scaruzzi ROR, Aug. 22, 2002].) The letter also advised Scaruzzi that "[i]n view of this possible personal liability, it will be agreeable with this Company for you, if you so elect, to procure attorneys of your own choosing, at your own expense, to represent you personally." (*Id.*) In another letter, Scaruzzi's attorney Carlos advised Scaruzzi of his right to retain personal counsel, stating that Scaruzzi could be personally liable because the complaint sought damages in excess of the policy's coverage as well as punitive damages. (Def.'s Mot. for Summ. J. Ex. 8 [Letter from Carlos to Scaruzzi, Sept. 17, 2002].)

On October 24, 2002, State Farm sent Fabrizzio an ROR letter advising him that Gary Bender had been retained to defend him and that State Farm reserved its "right to deny a defense and

indemnity." (Def.'s Mot. for Summ. J. Ex. 6 [Fabrizzio ROR, Oct. 24, 2002] .) State Farm stated the following reasons for its reservation for rights: whether the bodily injury or property damage was either expected or intended by the insured, whether it was the result of willful and malicious acts of the insured, or whether there was an "occurrence" as defined by the policy. (*Id.*) The letter further emphasized that State Farm's defense in the underlying action by the attorney "is not to be considered a waiver of such policy defense or of any policy defense(s) which may be involved in this suit. If we do not hear from you to the contrary, we will assume that it is acceptable for us to continue handling the suit on these terms." (*Id.*) The ROR letter advised Fabrizzio to procure his own attorney because "there may be a personal liability upon your part." (*Id.*)

**B.      Declaratory Judgment Action and November 24, 2003 Court Order**

On January 30, 2003, State Farm filed a Complaint in this District seeking a declaratory judgment that State Farm had no duty to defend or indemnify Scaruzzi and Fabrizzio in the underlying action. State Farm contended that the conduct involved in the alleged assault and battery was specifically excluded from coverage under the homeowners insurance policies because the acts were intended by Scaruzzi and Fabrizzio and because they were willful and malicious. (Def.'s Mot. for Summ. J. Ex. 9 [Declaratory J. Compl.].) Scaruzzi and Fabrizzio never answered the Complaint, and on October 9, 2003, a default was entered. On October 27, 2003, Carlos informed Scaruzzi of the default judgment entered against him and that unless he retained personal counsel immediately and petitioned the Court to remove the default judgment, his defense in the underlying action would be greatly damaged. She noted that State Farm might instruct her to withdraw from the underlying action, which would prejudice Scaruzzi's interests. (Def.'s Mot. for Summ. J. Ex. 12 [Letter from Carlos to Scaruzzi, Oct. 27, 2003].) Scaruzzi contacted Carlos on November 4, 2003 to further

discuss the default, and Carlos continued to advise him to retain counsel. (Def.'s Mot. for Summ.

J. Ex. 13 [Carlos to Scaruzzi, Nov. 4, 2003].) On November 24, 2003, a default judgment was

entered against Scaruzzi and Fabrizzio. The Order stated that:

> 1) Plaintiff State Farm has no obligation to indemnify Defendants John Scaruzzi and
> Joseph Fabrizzio, Jr., pursuant to the terms of the Homeowner's Policies . . . for any
> damages or other legal obligations which they have incurred or which they may incur
> as a result of claims asserted by the Plaintiff in [the underlying action];
>
> 2) Plaintiff State Farm has no obligation under the policies to continue defending
> Defendants John Scaruzzi and Joseph Fabrizzio, Jr. in the underlying action; and,
>
> 3) To the extent any party in the underlying action has obtained a judgment or in the
> future obtains a judgment against Defendants John Scaruzzi and/or Joseph Fabrizzio,
> Jr., requiring the payment of damages, expenses, costs or fees, State Farm has no
> obligation to pay any such amounts pursuant to the policies.

(Def.'s Mot. for Summ. J. Ex. 11 [November 24, 2003 Court Order].)

### C.      State Farm's Continued Defense Following November 24, 2003 Court Order

On December 1, 2003, Carlos wrote to Scaruzzi, enclosing a copy of the November 24, 2003

Court Order in the declaratory judgment action, and asked Scaruzzi to give the Order to his personal

counsel if he had retained one. (Def.'s Mot. for Summ. J. Ex. 14 [Letter from Carlos to Scaruzzi,

Dec. 1, 2003].) On December 9, 2003, State Farm sent a second ROR letter to Scaruzzi, stating that

while State Farm had no obligation to defend or indemnify him for damages based on the November

24, 2003 Court Order, it would continue to provide a defense, but would not indemnify Scaruzzi.

(Def.'s Mot. for Summ. J. Ex. 15 [Scaruzzi ROR, Dec. 9, 2003].) State Farm sent a similar ROR

letter to Fabrizzio. (Def.'s Mot. for Summ. J. Ex. 16 [Fabrizzio ROR, Feb. 20, 2004].)

A trial was held in the underlying action in February and March 2005. (Def.'s Statement of

Undisputed Facts in Supp. of Mot. for Summ. J. [Def.'s SOF] ¶ 45.) During the trial, the plaintiff

requested, but the court refused to give, a jury instruction based on the Pennsylvania criminal code that a child under the age of thirteen could not consent to sexual conduct. (Def.'s Mot. for Summ. J. Ex. 19 [Supreme Court of Pa. Op., Feb. 19, 2008]. ) The trial court also ruled that Grant's consent to sexual contact was relevant to a defense. (*Id.*) On March 18, 2005, the jury returned a verdict in favor of Scaruzzi and Fabrizzio. (Def.'s Mot. for Summ. J. Ex. 2 [Underlying Action Docket].) The plaintiff appealed the verdict on December 8, 2005. (*Id.*)

On January 9, 2006, State Farm sent a third ROR letter to Scaruzzi. State Farm stated that although it was no longer obligated to defend or indemnify Scaruzzi pursuant to the November 24, 2003 Court Order, it had instructed Carlos to continue to defend him through the appeal, subject to the ROR.(Def.'s Mot. for Summ. J. Ex. 17 [Scaruzzi ROR, Jan. 9, 2006].) The letter noted, however, that should the plaintiff win a new trial, State Farm would cease providing Scaruzzi with a defense. (*Id.*) On January 17, 2006, State Farm sent a similar ROR letter to Fabrizzio. (Def.'s Mot. for Summ. J. Ex. 18 [Fabrizzio ROR, Jan. 17, 2006].)

The Superior Court of Pennsylvania affirmed the verdict, and the plaintiff appealed the Superior Court's decision. (Def.'s SOF ¶¶ 52, 53.) The Supreme Court of Pennsylvania granted allocator on a single issue: "Whether the defense of consent is available in civil cases stemming from sexual contact with a minor under the age of 13 where the Legislature has precluded such defense by statute in criminal proceedings?" (*Id.* ¶ 54, Supreme Court of Pa. Op., Feb. 19, 2008.) On February 19, 2008, the Supreme Court of Pennsylvania reversed the Superior Court's decision and remanded the case for a new trial. (Def.'s SOF ¶ 55, Supreme Court of Pa. Op., Feb. 19, 2008.) The Supreme Court held that consent is not an available defense in civil proceedings arising from sexual contact with a minor under thirteen years of age and ruled that evidence of Grant's alleged consent

was not a relevant issue at trial because individuals under thirteen years of age are incapable of consent. *C.C.H. v. Philadelphia Phillies, Inc.*, 940 A.2d 336, 346 - 347 (Pa. 2008).

On March 28, 2008, Carlos advised Scaruzzi that an application for re-argument had been filed. She also reiterated to Scaruzzi that if a new trial was granted, State Farm would not continue to provide Scaruzzi with a defense. (Def.'s Mot. for Summ. J. Ex. 20 [Letter from Carlos to Scaruzzi, Mar. 28, 2008].) On May 2, 2008, State Farm informed Scaruzzi that the application for re-argument had been denied and that State Farm would not represent him in a new trial. (Def.'s Mot. for Summ. J. Ex. 21 [Scaruzzi Withdrawal, May 2, 2008].) On May 5, 2008, State Farm sent a similar letter to Fabrizzio. (Def.'s Mot. for Summ. J. Ex. 22 [Fabrizzio Withdrawal, May 5, 2008].) Both Scaruzzi and Fabrizzio were advised that their lawyers would withdraw and that they should retain new counsel at their own expense. (*Id.*; Scaruzzi Withdrawal.)

### D.      Termination of Defense Following Supreme Court of Pennsylvania Decision

On May 20, 2008, Carlos informed Scaruzzi that she had been directed to withdraw as Scaruzzi's counsel, and she again advised him to seek his own personal counsel. (Def.'s Mot. for Summ. J. Ex. 23 [Carlos to Scaruzzi Letter, May 20, 2008].) Carlos filed a petition to withdraw on June 11, 2008, which was granted on June 11, 2008. (Def.'s SOF ¶¶ 60, 61.) The court stayed the underlying action for sixty days to permit Scaruzzi to secure counsel, which he did. (*Id.* ¶ 68.) On September 2, 2008, Bender filed a petition to withdraw, which the court granted on November 25, 2008. (*Id.* ¶¶ 64-67.)

During this time period, the plaintiff in the underlying action made a demand for State Farm to settle the underlying action for the policy limits of $100,000 for each insured. The plaintiff noted that a denial would "constitute bad faith on the part of the insurer." (Pl.'s Mot. for Summ. J. Ex. 10

[Pl.'s Demand for Settlement, June 9, 2008].) On June 25, 2008, Carlos declined the demand, noting that State Farm was not obligated to indemnify Scaruzzi and that she had filed a petition to withdraw. (Pl.'s Mot. for Summ. J. Ex. 11 [Carlos Response to Demand, June 25, 2008].) State Farm also rejected the demand  made on Fabrizzio, reiterating that the November 24, 2003 Court Order ceased State Farm's obligation to indemnify Fabrizzio. (Pl.'s Mot. for Summ. J. Ex. 13 [State Farm Response to Demand, June 24, 2008].)

On August 18, 2009, the Court of Common Pleas granted the plaintiff's motion for summary judgment as to liability only and ruled that damages would be assessed by way of a separate trial. (*Id.* ¶ 71.) However, by the agreement of all parties, on November 25, 2009, the case was transferred to binding arbitration. (*Id.* ¶ 72.) On November 5, 2010, the arbitrator awarded $2 million in damages to the plaintiff. (*Id.* ¶ 74) Both Scaruzzi and Fabrizzio subsequently agreed to assign their claims against State Farm to Clunie-Haskins and Grant. (*Id.* ¶ 75.) This litigation followed.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When the movant does not bear the burden of persuasion at trial, it may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Thereafter, the nonmoving party demonstrates a genuine issue of material fact if it provides evidence sufficient to allow a reasonable finder of fact to find in its favor at trial. *Anderson*, 477 U.S.

at 248. In reviewing the record, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Prowel v. Wise Bus. Forms*, 32 F.3d 768, 777 (3d Cir. 2009). The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

## III.   DISCUSSION

### A.   Breach of Contract Based on Duty to Defend and Indemnify

State Farm contends that the November 24, 2003 Court Order bars Plaintiffs from relitigating the issue of State Farm's duty to defend and indemnify under the homeowners insurance policies. Plaintiffs, by contrast, assert that the doctrine of res judicata does not apply because the conduct about which they complain occurred after the November 24, 2003 Court Order.

Based on the November 24, 2003 Court Order, State Farm had no duty to indemnify Scaruzzi and Fabrizzio for any damages they may have incurred as a result of claims asserted by the plaintiff in the underlying action. Additionally, State Farm had no duty to continue defending Scaruzzi and Fabrizzio in the underlying action. Finally, State Farm had no duty to pay any damages if the plaintiff in the underlying action obtained a judgment against Scaruzzi and/or Fabrizzio. Despite the November 24, 2003 Court Order, State Farm continued to defend Scaruzzi and Fabrizzio. Nonetheless, State Farm sent two additional ROR letters advising Scaruzzi and Fabrizzio that State Farm had no obligation to provide a defense and that if the plaintiff was successful in the underlying action, State Farm would not indemnify them for any judgment.

The preclusive effect of a prior district court judgment is determined based on federal

common law, which, in diversity cases, "incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008). As this is a diversity case, and Pennsylvania is the forum state, the Court will apply Pennsylvania law in determining the preclusive effect of a prior federal judgment. *Munoz v. Sovereign Bank*, 323 F. App'x 184, 187 (3d Cir. 2009). "Pennsylvania law regarding claim preclusion essentially mirrors the federal doctrine." *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716, 718-19 (3d Cir. 2010). Under the doctrine of res judicata, or claim preclusion, "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and constitutes for them an absolute bar to a subsequent action involving the same claim, demand or cause of action." *McNeil v. Owens-Corning Fiberglas Corp.*, 680 A.2d 1145, 1148 n.2 (Pa. 1996). Consequently, "any future suit between the parties or their privies on the same cause of action" is precluded if there is a valid final judgment on the merits by a court of competent jurisdiction. *R/S Financial Corp. v. Kovalchick*, 716 A.2d 1228, 1230 (Pa. 1998). Pennsylvania courts have emphasized that claim preclusion serves to both protect litigants from the burdens of relitigating an issue with the same party or his privy, as well as to promote judicial economy by preventing needless litigation. *See, e.g.*, *Foster v. Mutual Fire, Marine and Inland Ins. Co.*, 676 A.2d 652, 661 (Pa. 1996). A default judgment in an earlier case constitutes a "valid final judgment on the merits" for the purpose of a res judicata analysis. *See, e.g.*, *Zimmer v. Zimmer*, 326 A.2d 318, 320 (Pa. 1974) ("This Court has long held that a judgment by default is res judicata and quite as conclusive as one rendered on a verdict after litigation insofar as a defaulting defendant is conceived."); *Morris v. Jones*, 329 U.S. 545, 550-51 (1947) ("A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon a default.")

(internal quotation marks omitted).

The res judicata doctrine bars subsequent cases when the two actions possess the following four common elements: (1) identity of issues; (2) identity of the cause of action; (3) identity of parties or their privies; and (4) identity of the capacity of the parties. *RegScan, Inc. v. Brewer*, 289 F. App'x 488, 490 (3d Cir. 2008) (citing *Matternas v. Stehman*, 642 A.2d 1120, 1123 (Pa. 1994)). The Court must analyze whether the current case is barred by the earlier declaratory judgment action. Plaintiffs do not dispute the second, third, and fourth elements required for res judicata exist here, and the Court finds that these elements are satisfied. Thus, it is only the first element that is in dispute. State Farm argues that the "ultimate and controlling issues decided in the Declaratory Judgment Action were whether State Farm had a duty to defend and/or indemnify Scaruzzi and Fabrizzio," and in this lawsuit, "Plaintiffs want this Court to declare that State Farm owed Scaruzzi and Fabrizzio a duty to defend and indemnify them." (Def.'s Mem. in Supp. of Mot. at 13.) Plaintiffs, on the other hand, assert that their breach of contract claim involves conduct that occurred after the November 24, 2003 Court Order. (Pl.'s Mem.in Opp'n of Mot. [Pl.'s Mem.] at 7.) Furthermore, according to Plaintiffs, the Complaint alleges that State Farm's withdrawal from the case after the November 24, 2003 Court Order, but "as soon as the matter actually came within coverage of the Policies," constitutes a breach of contract. (Def.'s Mot. for Summ. J. Ex. 1 [Compl.] ¶ 39.)

Defendant correctly argues that the breach of contract claim in this case requires the Court to decide whether State Farm has a duty to defend and/or indemnify Scaruzzi and Fabrizzio based on the terms of the homeowners insurance policies. This is precisely what was decided by the November 24, 2003 Court Order. Therefore, the first element of the res judicata prong is established.

Accordingly, Plaintiffs are precluded from suing State Farm for a breach of contract based on the duty to defend or indemnify under the homeowners insurance policies. The Court will grant summary judgment in State Farm's favor on Plaintiffs' breach of contract claim.

### B.      Breach of Contractual Duty of Good Faith and Fair Dealing

Under Pennsylvania law, insurers have a contractual duty to act in good faith. An insurance contract  implies a duty of good faith and fair dealing. *Birth Center v. St. Paul Cos.*, 787 A.2d 376, 379 (Pa. 2001). This duty is implied because the "Pennsylvania Supreme Court has recognized that the 'utmost fair dealing should characterize the transactions between an insurance company and the insured.'" *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp. 2d 404, 408 (W.D. Pa. 2011) (quoting  *Dercoli v. Pennsylvania Nat'l Mut. Ins. Co.*, 554 A.2d 906, 908 (Pa. 1989)). While Pennsylvania also provides a statutory remedy for an insurer's bad faith conduct, the statute does not alter an insured's common law contract rights. *Birth Center*, 787 A.2d at 386-88. "Pennsylvania law does not recognize a separate breach of contractual duty of good faith and fair dealing where said claim is subsumed by a separately pled breach of contract claim." *Simmons*, 788 F. Supp. 2d at 409. Here, however, the conduct forming the basis of Plaintiffs' breach of contract claim—the failure to defend or indemnify—is not the same conduct as their claim for breach of the duty of good faith and fair dealing—bad faith conduct following the November 24, 2003 Court Order. Consequently, Plaintiffs' two claims do not merge. *See, e.g.*, *Meyer v. Cuna Mut. Grp.*, Civ. A. No. 03-602, 2007 WL 2907276, at *14 (W.D. Pa. Sept. 28, 2007).

In the insurance context, "bad faith" has a "universally acknowledged meaning," which encompasses "any frivolous or unfounded refusal to pay proceeds of a policy . . . [which] imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through

some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1108-09 (E.D. Pa. 1992) (internal quotation marks omitted) (citing Black's Law Dictionary 139 (6th ed. 1990)). An insurer can also breach its duty of good faith and fair dealing by unreasonably refusing to settle a claim with a third party. *Gray v. Nationwide Mut. Ins. Co.*, 223 A.2d 8, 11 (Pa. 1966); *Birth Center*, 787 A.2d at 388 n.16. However, this is not an absolute duty to settle. Rather, "[t]he requirement is that the insurer consider in good faith the interest of the insured as a factor in coming to a decision as to whether to settle or litigate a claim against the insured." *Cowden v. Aetna Cas. & Sur. Co.*, 134 A.2d 223, 228 (Pa. 1957).

### 1. No Bad Faith in Terminating Defense or Refusing to Indemnify

Defendant contends that Plaintiffs failed to produce any evidence to support their claim for breach of the contractual duty of good faith and fair dealing. Plaintiffs argue that State Farm's continued defense following the November 24, 2003 Court Order and subsequent withdrawal after the Supreme Court of Pennsylvania's decision left Scaruzzi and Fabrizzio with "no legal representation and no legal defense." (Pl.'s Mem. at 10.) Plaintiffs' argument ignores the successful defense that State Farm provided for numerous years, subject to an ROR, as well as State Farm's advice to Scaruzzi and Fabrizzio to secure personal counsel due to the potential for personal liability.

Plaintiffs also contend that State Farm's refusal to defend and indemnify Scaruzzi and Fabrizzio for claims that are potentially covered under the insurance policies was in bad faith. (Compl. ¶¶ 50-56.) Having concluded that State Farm did not breach its contract with its insureds, the Court cannot sustain Plaintiffs' claim of bad faith based solely on that purported breach. Plaintiffs also argue that State Farm's refusal to settle for the policy limits of $100,000 after the Supreme Court of Pennsylvania remanded the case for retrial was in bad faith. (Pl.'s Mem. at 13,

Pl.'s Demand for Settlement, June 9, 2008.) At the time of the plaintiff's demand, State Farm was not obligated to indemnify Scaruzzi and Fabrizzio, a fact made clear to Scaruzzi, Fabrizzio, and the plaintiff in the underlying action, and Scaruzzi and Fabrizzio's attorneys responded to the demands accordingly. (Carlos Response to Demand, June 25, 2008; State Farm Response to Demand, June 24, 2008.) Similarly, and contrary to Plaintiffs' contentions, without a duty to indemnify, State Farm did not act in bad faith by refusing to indemnify Scaruzzi and Fabrizzio for the judgment awarded against them at arbitration or by its statements in the second and third ROR letters refusing to indemnify them.

### 2.    No Bad Faith in Litigation Conduct

Plaintiffs also argue that State Farm acted in bad faith by directing and controlling the litigation. Scaruzzi and Fabrizzio repeatedly ignored State Farm's advice to obtain personal counsel, weakening Plaintiffs' claim that State Farm acted in bad faith by unilaterally directing the litigation. Furthermore, given Scaruzzi and Fabrizzio's admissions of sexual conduct with Grant, State Farm's attorneys provided Scaruzzi and Fabrizzio an adequate defense, and the consent defense was successful at trial.

Plaintiffs also contend that State Farm's decision to petition for re-argument "is the very definition of bad faith" because "a request for re-argument may jeopardize a chance for settlement." (*Id.* at 12.) However, Scaruzzi's counsel merely opined that a petition to re-argue "could affect the chances of amicably resolving" the matter with the plaintiff, while recognizing that Scaruzzi had stated that he did not have "money to make a nominal offer to dispose of the case against him." (Pl.'s Mot. for Summ. J. Ex. 24 [Claim Activity Log] at 14.) Regardless, Plaintiffs fails to demonstrate any harm from State Farm's decision to petition for re-argument given that after the petition was denied,

Plaintiffs made a demand for settlement of an amount within the policy limits. (Pl.'s Demand for Settlement, June 9, 2008.) Consequently, State Farm's attorneys filing a petition for re-argument is not evidence of bad faith.

### 3. No Showing for Estoppel Based on State Farm's Continued Defense

Plaintiffs argue that State Farm should be estopped from denying it owed a duty to defend and indemnify because it assumed Scaruzzi and Fabrizzio's legal defense despite having no obligation to do so. However, State Farm's ROR precludes an argument of bad faith in its subsequent termination of its legal defense. Plaintiffs cite *Aetna Life and Casualty Co. v. McCabe*, 556 F. Supp. 1342, 1354 (E.D. Pa. 1983), for the general rule that an insurer that assumes a defense is estopped from later claiming that any loss suffered by the insured falls outside the coverage of the policy. Yet Plaintiffs ignore the subsequent sentence from their citation, which states the exception to the general rule: "The insurance company may protect itself by a timely reservation of rights under the policy which fairly informs the insured of the insurer's position." *Id.* Pennsylvania courts have held that for a reservation of rights to be effective, it must be clearly communicated to the insured, informing the insured of the insurer's position, and it must be timely. *See, e.g.*, *Brugnoli v. United Nat. Ins. Co.*, 426 A.2d 164, 167 (Pa. Super. Ct. 1981) (holding that when an insured made no objection to an insurer's reservation of rights and when a nonwaiver agreement was otherwise clear notice, the insurer was not estopped from denying coverage under the policy despite its continued participation in defense of the action). By advising insureds to secure competent counsel of their choice, an insurer allows insureds to protect their interests and avoid detrimental reliance on indemnity. *Nichols v. Am. Cas. Co. of Reading, Pa.*, 225 A.2d 80, 82 (Pa. 1966).

Under Pennsylvania law, "the burden rests on the party asserting estoppel to establish the

defense by clear, precise and unequivocal evidence." *Chrysler Credit Corp. v. First Nat'l Bank & Trust Co. of Wash.*, 746 F.2d 200, 206 (3d Cir. 1984) (citing *Blofsen v. Cutaiar*, 333 A.2d 841 (Pa. 1975)). "A party seeking to establish an estoppel must show 'an inducement by the party sought to be estopped . . . to the party who asserts the estoppel . . . to believe certain facts to exist—and the party asserting the estoppel acts in reliance on that belief.'" *Merchants Mut. Ins. Co. v. Artis*, 907 F. Supp. 886, 891 (E.D. Pa. 1995) (quoting *Sabino v. Junio*, 272 A.2d 508, 510 (Pa. 1971)). Courts may apply "estoppel only when there is actual prejudice, such as when an insurer's failure to assert all possible defenses in a reservation of rights letter causes an insured to act to his detriment in reliance thereon." *Id.*, 907 F. Supp. 886 at 891.

Here, State Farm sent Scaruzzi and Fabrizzio the initial ROR letters fourteen days and two months and 16 days after Clunie-Haskins filed the underlying action. The initial ROR letters informed Scaruzzi and Fabrizzio that the claim may involve bodily injury that is expected or intended by the insured or bodily injury which is the result of willful and malicious acts of the insure, thereby falling outside the coverage of the policy. (Scaruzzi ROR, Aug. 22, 2002; Fabrizzio ROR, Oct. 24, 2002.) The letters also advised Scaruzzi and Fabrizzio to retain their own personal attorneys because the action may involve their personal liability. (*Id.*) State Farm's letter to Fabrizzio emphasized that its defense was "not to be considered a waiver of such policy defense or of any policy defense(s) which may be involved in this suit. If we do not hear from you to the contrary, we will assume that it is acceptable for us to continue handling the suit one these terms." (Fabrizzio ROR, Oct. 24, 2002.)

State Farm sent Scaruzzi and Fabrizzio second ROR letters after the November 24, 2003 Court Order concluding that State Farm had no duty to defend or indemnify them. (Scaruzzi ROR,

Dec. 9, 2003; Fabrizzio ROR, Jan. 17, 2006.) The second letters stated that while State Farm had no

obligation to defend or indemnify Scaruzzi or Fabrizzio, it would continue to provide them a defense

but would not indemnify them. (*Id.*) After Clunie-Haskins appealed the trial court verdict, State Farm

sent Scaruzzi and Fabrizzio a third set of ROR letters. (Scaruzzi ROR, Jan. 9, 2006; Fabrizzio ROR,

Jan. 17, 2006.) These letters again noted that State Farm was not obligated to defend or indemnify

Scaruzzi and Fabrizzio, but that it did so at trial subject to an ROR. (*Id.*) The letters further informed

Scaruzzi and Fabrizzio that if the plaintiff was granted a new trial, State Farm would discontinue its

defense and it would be necessary for them to secure counsel and their own expense. (*Id.*) It was only

after the Supreme Court of Pennsylvania denied a petition for re-argument that State Farm stopped

defending Scaruzzi and Fabrizzio. (Scaruzzi Withdrawal, May 2, 2008; Fabrizzio Withdrawal, May

5, 2008.)

Plaintiffs have failed to establish that Scaruzzi or Fabrizzio were induced to believe certain

facts existed and acted in reliance on that belief, and thus they cannot assert an estoppel. *See Artis*,

907 F. Supp. at 891. The record shows that State Farm repeatedly told Scaruzzi and Fabrizzio that

their legal defense was subject to an ROR, that State Farm would withdraw its counsel if a new trial

were ordered, and that Scaruzzi and Fabrizzio might wish to have their own personal counsel

represent them. The RORs were clear, they timely informed Scaruzzi and Fabrizzio of State Farm's

position that it was reserving its right to defend and indemnify them, and they noted the reasons for

the reservation.

Furthermore, Plaintiffs are also unable to show that Scaruzzi or Fabrizzio were prejudiced

by State Farm's conduct. They repeatedly state that "Scaruzzi and Fabrizzio were left with no legal

representation and no defense to Plaintiff's claims" as a result of decisions made by State Farm

during the time it controlled and directed their defense. (Pl.'s Mem. at 10.) On the contrary, State

Farm's attorneys won at trial and on appeal to the Superior Court. The verdict was only reversed

after Plaintiffs successfully argued to the Pennsylvania Supreme Court that Pennsylvania law should

bar the defense of consent in civil cases arising from sexual contact with minors under the age of

thirteen because the Pennsylvania Legislature has already precluded such a defense in criminal cases.

Despite its assertions of bad faith, Plaintiffs have failed to demonstrate any genuine dispute

of material fact that State Farm acted in bad faith by continuing to defend Scaruzzi and Fabrizzio

after the November 24, 2003 Court Order, subject to an ROR, or by its litigation conduct. Absent

a disputed issue of material fact, the Court will enter judgment in State Farm's favor on Plaintiffs'

claim of breach of the contractual duty of good faith and fair dealing.

### C.      Fraud

Defendant argues that Plaintiffs have not produced any evidence that State Farm acted

fraudulently. Plaintiffs allege that State Farm made and adopted material misstatements and

omissions regarding the effect of the declaratory judgment. Plaintiffs also contend that by making

false representations and by failing to accurately represent the litigation process, State Farm

fraudulently induced Plaintiffs into not taking action in the declaratory judgment lawsuit.

Pennsylvania law defines fraud as "anything calculated to deceive, whether by single act or

combination, or by suppression of truth, or suggestion of what is false, whether it be by direct

falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture." *Moser v.*

*DeSetta*, 589 A.2d 679, 682 (Pa. 1991). A cause of action for fraud requires a showing of the

following elements: "(1) a representation; (2) which is material . . .; (3) made falsely, with

knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of

misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994).

The sole piece of evidence upon which Plaintiffs base their claim for fraud is Fabrizzio's affidavit in which he stated that after he received notice of the declaratory judgment action brought against him by State Farm, Fabrizzio "questioned Mr. Bender about it and was told that despite any determination in that case, he would continue to represent [Fabrizzio] in the [underlying action] and that there was no need to take any actions in regard to [the declaratory judgment action]." (Pl.'s Mot. for Summ. J. Ex. 58 [Aff. of Joseph Fabrizzio, Jan. 13, 2012].) This evidence consists solely of a self-serving affidavit. "To survive summary judgment, a party must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (upholding grant of summary judgment when appellant's sole evidence consisted of unsubstantiated accusations) (quoting *Celotex Corp.*, 477 U.S. at 325)); *see also Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002) ("In order to satisfy the standard for summary judgment the affiant must ordinarily set forth facts, rather than opinions or conclusions. An affidavit that is essentially conclusory and lacking in specific facts is inadequate to satisfy the movant or non-movant's burden.") (internal quotation marks and brackets omitted). There is significant evidence in the record that demonstrates no genuine issue of disputed fact that State Farm and its counsel did not act fraudulently toward Scaruzzi or Fabrizzio as to the effect of the declaratory judgment action. With respect to the declaratory judgment action, State Farm acted in opposition to Scaruzzi and Fabrizzio, and it was not obligated to advocate for the insureds' position in that action. Furthermore, in the declaratory judgment action, Fabrizzio had

sufficient notice to find representation to defend against State Farm's claims. As for Scaruzzi, State Farm's attorney informed him that unless he "retain[s] personal counsel immediately and petition[s] the Court to remove the default judgment . . . [his] defense in [the underlying action] will be greatly damaged." (Letter from Carlos to Scaruzzi, Oct. 27, 2003.) The ROR letters from State Farm to Scaruzzi and Fabrizzio also note the effect of the November 24, 2003 Court Order.

Plaintiffs cannot point to sufficient evidence in the record to demonstrate an intentional misrepresentation or omission by State Farm or its attorneys that was justifiably relied on by Scaruzzi or Fabrizzio to their detriment, and thus Plaintiffs fail to create a genuine issue of disputed fact to survive summary judgment. *See McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 438 (3d Cir. 2007). The Court will grant judgment in State Farm's favor on Plaintiffs' fraud claim.

## IV.    CONCLUSION

In light of the foregoing, the Court finds no basis on which to sustain any of Plaintiffs' causes of action against State Farm. Accordingly, Defendant's motion for summary judgment will be granted. An appropriate Order will be docketed separately.